**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| Maribel BEZA TOBAR )<br>)<br>A094-415-468 / A077-534-275 )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MARKWAYNE MULLIN, in his )<br>official capacity as )<br>U.S. Secretary of Homeland Security; )<br>JOSEPH B. EDLOW, in his official capacity )<br>as Director, U.S. Citizenship and )<br>Immigration Services; )<br>TODD M. LYONS, )<br>in his official capacity as Acting Director, )<br>U.S. Immigration and Customs )<br>Enforcement )<br>)<br>Defendants. )<br>_____ ) | Case No.  26-01886 |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

Plaintiff Maribel Noemi Beza Tobar, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 for a Temporary Restraining Order and Preliminary Injunction enjoining Defendants from removing Plaintiff from the United States, or transferring her outside the continental United States, pending resolution of the concurrently filed Complaint for Declaratory and Injunctive Relief.

**FACTUAL BACKGROUND**

1. The facts are set forth in the concurrently filed Complaint and incorporated by reference. In summary:

2.  Plaintiff is a citizen of El Salvador who has held Temporary Protected Status for approximately nineteen years. She is the mother of two U.S. citizen children. She has no criminal history.

3.  On April 21, 2026, the USCIS Vermont Service Center issued a Decision withdrawing Plaintiff's TPS based on a finding of inadmissibility under INA § 212(a)(6)(C)(i). The Decision relied on a theory never raised in the Notice of Intent to Deny ("NOID")—alleged omissions on Plaintiff's 2001 TPS application related to a one-letter discrepancy in her surname—depriving her of the notice and opportunity to respond required by 8 C.F.R. § 103.2(b)(8) and the Fifth Amendment Due Process Clause.

4.  The April 21, 2026 Decision triggered downstream removal exposure that did not exist before. On April 30, 2026, ICE took Plaintiff into custody and now seeks to execute a 2000 in absentia order of removal that had been unenforceable for nineteen years under 8 C.F.R. § 244.12(b) by operation of Plaintiff's TPS. But for the TPS withdrawal, the 2000 order would remain unenforceable.

5.  On May 5, 2026, Plaintiff was taken to the bus-station area of Riverside Regional Jail in Virginia and told she was being deported; a jail attendant told her she would be gone within a week. ICE thereafter transferred Plaintiff to a detention facility in Louisiana, and then to the South Texas ICE Processing Center in Pearsall, Texas. The pattern of successive transfers toward southern removal-staging facilities is itself characteristic of imminent execution of the 2000 in absentia order.

6.  Plaintiff has filed a timely Form I-290B Motion to Reopen and Reconsider with USCIS, with a concurrent Form I-601 Application for Waiver of Grounds of Inadmissibility, both of which remain pending. Neither stays removal. *See* 8 C.F.R. § 103.5(a)(1)(iv).

7.  Without an order from this Court, ICE may remove Plaintiff at any moment, mooting this action and the pending administrative motion.

**LEGAL STANDARD**

8.  A TRO or preliminary injunction is warranted where the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) the balance of equities tips in the movant's favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

**THRESHOLD: THE DECISION IS FINAL AND THIS COURT NEED NOT AWAIT THE PENDING I-290B**

9. The Decision is final agency action. The April 21, 2026 Decision consummates USCIS's decisionmaking on Plaintiff's most recent TPS re-registration and produces immediate legal consequences—withdrawal of TPS and reactivation of the 2000 in absentia removal order that had been unenforceable for nineteen years under 8 C.F.R. § 244.12(b). It therefore satisfies both prongs of *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) and is reviewable under 5 U.S.C. § 704. The pending Form I-290B does not alter that finality, because by regulation it does not stay the Decision's operative effect. 8 C.F.R. § 103.5(a)(1)(iv).

10. Exhaustion is not required. The APA imposes no general exhaustion requirement; exhaustion is mandated only where "expressly required by statute" or by agency rule that itself stays the operative decision pending administrative review. *Darby v. Cisneros,* 509 U.S. 137, 153–54 (1993). No statute or regulation requires the I-290B as a prerequisite to judicial review of a TPS withdrawal, and § 103.5(a)(1)(iv) expressly disclaims any stay. Prudential exhaustion would be inappropriate in any event: the I-290B does not—and by regulation cannot—stay the removal that is the source of Plaintiff's irreparable harm. To withhold review until the I-290B is decided would be to allow the very removal this Court is asked to enjoin.

**ARGUMENT**

**I. Likelihood of Success on the Merits**

11. Plaintiff is likely to succeed on her APA and due-process claims for at least four independent reasons.

12. *Theory shift.* The NOID identified alleged misrepresentations to immigration officers in 1999. The Decision denied on a fundamentally different theory—alleged omissions on the 2001 TPS application. This changed the operative act, the legal moment at which willfulness and benefit-seeking are tested, and the documentary record at issue. Denying on an un-noticed theory violates 8 C.F.R. § 103.2(b)(8), *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), and due process. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

13. *The 2001 application disclosed the 1999 encounter.* The Decision finds that Plaintiff "concealed" the 1999 encounter. The 2001 application itself contradicts that finding—it disclosed the alternate A-number (A077-534-275) assigned at the 1999 apprehension, the date of entry, the place of entry, the manner of arrival, and prior immigration proceedings

in Texas in 1999. The reason USCIS failed to connect those records was the agency's own choice to assign a new A-number rather than associate the application with the existing file Plaintiff had disclosed.

14. *Section 212(a)(6)(C)(i) is not satisfied.* Neither the 1999-statements theory nor the 2001-omissions theory establishes the four elements required by binding Fourth Circuit precedent. *Xing Yang Yang v. Holder*, 770 F.3d 294, 303 (4th Cir. 2014). (a) *False representation*—Plaintiff stated her true name and date of birth; the variants are phonetic and clerical recording errors. (b) *Willfulness*—Plaintiff does not read English and could not have read the 1999 apprehension paperwork or known in 2001 what it recorded. (c) *Materiality*—the Decision's theory rests on counterfactual speculation ("may have resulted in a reinstatement"), not the "natural tendency to influence" standard of *Kungys v. United States*, 485 U.S. 759, 770 (1988). (d) *Benefit-seeking*—at the 1999 encounter, Plaintiff was being processed by enforcement officers, not seeking any immigration benefit. *See also Matter of Y-G-*, 20 I&N Dec. 794, 796 (BIA 1994). Because the *Xing Yang Yang* elements are conjunctive, failure on any one defeats inadmissibility.

15. *Unexplained departure from the 2007 AAO grant.* In 2007 the AAO granted Plaintiff's TPS on essentially the same record. The 2026 Decision departs from that prior agency position without identifying any new factual development the 2007 adjudicator could not have considered.

## II. Irreparable Harm

16. Removal constitutes irreparable harm.  Once removed, Plaintiff's pending administrative motion and this action would be effectively mooted. Twenty-six years of established life, community ties, and proximity to her U.S. citizen children cannot be restored by a later favorable ruling.

17. Plaintiff's status as a detained respondent compounds the harm. She has been moved in just over a week from Virginia to Louisiana to the South Texas ICE Processing Center in Pearsall, Texas—the standard staging trajectory for ICE removal flights to Central America. Removal could occur on any day; once executed, no later ruling in any forum could undo it.

## III. Balance of Equities

18. The harm to Plaintiff if removed—permanent separation from her two U.S. citizen children, loss of twenty-six years of established life, and mooting of her administrative

and judicial remedies—vastly outweighs any harm to Defendants from a brief delay to allow this Court to assess whether the predicate USCIS Decision was lawful. Plaintiff has no criminal history, presents no flight risk, and presents no danger to the community. The 2000 in absentia order has gone unenforced for a quarter century, and the government cannot credibly assert urgency in executing it now.

**IV. Public Interest**

19. The public interest favors requiring the government to follow its own procedures before withdrawing a longtime lawful status and executing removal predicated on that withdrawal.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order prohibiting Defendants—and all officers, agents, and persons acting in concert or participation with them—from removing Plaintiff Maribel Beza Tobar (also identified in Defendants' records as "Maribel Noemi Beza-Tovar," A077-534-275 / A094-415-468) from the United States, transferring her outside the continental United States, or otherwise executing the 2000 removal order, pending resolution of this action; and, following a hearing, a Preliminary Injunction to the same effect.

Respectfully submitted,

/s/ Jaime Winthuysen Aparisi
Jaime Winthuysen Aparisi

Jaime Winthuysen Aparisi
Maryland Bar No. 447426
Jaime Winthuysen Aparisi & Associates, LLC
819 Silver Spring Avenue Silver Spring, MD 20910
Tel: (301) 562-1416
Email: jaime@aparisi.com

Counsel for Plaintiff


Dated: May 13, 2026

**PROPOSED ORDER**

Upon consideration of Plaintiff's Emergency Motion for Temporary Restraining Order, and for good cause shown, it is hereby

**ORDERED** that Defendants, their officers, agents, servants, employees, and all persons acting in concert or participation with them, are temporarily restrained and enjoined from removing Plaintiff Maribel Beza Tobar (also identified in Defendants' records as "Maribel Noemi Beza-Tovar"), A077-534-275 / A094-415-468, from the United States, or transferring her outside the continental United States, pending further order of this Court; and it is further

**ORDERED** that a hearing on Plaintiff's motion for a preliminary injunction shall be held on _____, 2026, at _____ [a.m./p.m.]; and it is further

**ORDERED** that Defendants shall file any opposition to the motion for preliminary injunction by _____, 2026.


SO ORDERED this _____ day of _____, 2026.


United States District Judge