April 21, 2026



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
38 River Road
Essex Junction, VT 05479-0001



**U.S. Citizenship and Immigration Services**



IOE0930196933



A094-415-468

JAIME APARISI
JAIME WINTHUYSEN APARISI & ASS
819 SILVER SPRING AVE
SILVER SPRING, MD 20910

RE: MARIBEL NOEMI BEZA TOBAR
I-821, Application for Temporary Protected Status

## <u>DECISION</u>

Dear Sir or Madam,

This letter is to notify you that U.S. Citizenship and Immigration Services (USCIS) is withdrawing your Temporary Protected Status (TPS) and, if applicable, denying your re-registration application.

Title 8, Code of Federal Regulations (8 CFR) section 244.14 states in pertinent part:

(a) Authority of director. The director may withdraw the status of an alien granted Temporary Protected Status under section 244 of the Act at any time upon the occurrence of any of the following:

1) The alien was not in fact eligible at the time such status was granted, or at any time thereafter becomes ineligible for such status;

2) The alien has not remained continuously present in the United States from the date the alien was first granted TPS;

3) The alien fails without good cause to register with the Attorney General annually within thirty (30) days before the end of each 12-month period after the granting of TPS.

On February 14, 2025, USCIS received your re-registration Application for TPS, Form I-821. However, upon review of your case and the incorporation of fingerprint-based systems checks and photographic evidence that have now become standardized in the adjudication of TPS applications, the following information was discovered:

Under your alternate alien registration number, A077534275, on August 15, 1999, you were apprehended by Customs and Border Protection (CBP), part of the legacy Immigration and Naturalization Service (INS) after being taken off an east bound bus. It was determined you had entered the United States without having been admitted or paroled by immigration officials.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

At the time of your apprehension, you provided the following identity information to an immigration official:

Name: Beza-Tovar, Maribel Noemi
Date of Birth: October 12, 1981
Nationality/Citizenship: El Salvador

With the above information, you were placed in removal proceedings and a final order of removal was issued in your absentia on August 24, 2000. However, it does not appear you departed the United States as ordered.

USCIS records indicate you subsequently applied for TPS on April 30, 2001 under A077534275. You were granted initial TPS on Administrative Appeals Office (AAO) appeal on December 3, 2007, under the following identity:

Name:Beza Tobar, Maribel Noemi
Date of Birth: October 12, 1977
Nationality/Citizenship: El Salvador

While you indicated on your initial filing to previously being in removal proceedings, you did not disclose your August 1999 apprehension encounter or list the other identity under which this information was recorded. A nexus between your alternate identity and the August 1999 encounter was not made until additional security checks were incorporated into the adjudication of this re-reregistration filing.

By failing to disclose the use of an alternate identity, you cut off a line of questioning material to your eligibility for TPS. The law recognizes numerous situations in which one who, by his intentional and wrongful act, has prevented or restricted an inquiry into relevant facts bears the burden of establishing the true facts and the risk that any uncertainties resulting from his own obstruction of the inquiry may be resolved against him. See *Matter of S- and B-C-*, 9 I&N Dec. 436, 448-49 (A.G. 1961).

A misrepresentation concerning an alien's identity is generally material because it almost always shuts off a line of inquiry that prevents the officer from determining the alien's eligibility for the benefit sought. However, if the line of inquiry that is shut off is not relevant to the benefit sought and would not have resulted in the denial of the benefit sought, then the misrepresentation is harmless and does not result in inadmissibility. The applicant bears the burden of proof to demonstrate that the line of inquiry that was shut off by the misrepresentation of identity is irrelevant to eligibility for the benefit sought and is therefore harmless. See *Matter of S- and B-C-*, 9 I&N Dec. 436, 448-49 (A.G. 1961)

See *Matter of O-R-E-*, 28 I&N Dec. 330, 339-40 (BIA 2021) (holding a misrepresentation of identity is material because it impairs the "adjudicator's ability to probe past conduct that might be potentially disqualifying or bear on the exercise of discretion"). See Matter of S- and B-C- (PDF), 9 I&N Dec. 436, 448 (A.G. 1961) (noting that "a misrepresentation as to identity will generally have the effect of shutting off an investigation").

To be eligible for TPS, you must establish your identity, which includes your true name and date of birth. By failing to disclose the use of an alternate identity, USCIS was unable to proportionately and respectively weigh evidence, conduct systems checks, obtain valid security results, or analyze other immigration related factors, including, but not limited to, prior immigration encounters and/or proceedings.

Therefore, you cut off lines of questioning material to your eligibility for the benefit sought.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.



As outlined above, at the time your TPS was granted, USCIS was not provided information and evidence material to your eligibility and was not afforded the opportunity to pursue lines of inquiry in a timely and responsive manner.

As such, USCIS has determined you are inadmissible to the United States under Section 212(a)(6)(C)(i) of the Immigration and Nationality Act (INA) for Fraud or Willful Misrepresentation.

You were given 33 days to respond to the Notice of Intent to Deny (NOID) issued on September 26, 2025 and rebut the above information. The NOID specified the nature of the information you could submit in response.

Specifically, you were informed that you needed to submit a Form I-601, Application for Waiver of Grounds of Inadmissibility for USCIS to determine if 212(a)(6)(C)(i) should be waived and allow you to remain eligible for TPS.

In response, you submitted a statement letter from your legal representative, a sworn affidavit from yourself, a copy of your El Salvador birth certificate, copies of your previous Form I-797 Notices of Action evidencing your initial and subsequent TPS approvals), copies of your employment authorization cards, and a copy of your initial Form I-821 application.

In your attorney's letter, it is asserted that "any discrepancy appearing in apprehension-era records is contradicted by over two decades of consistent filings and reflects, at most, a government recording error, a misrepresentation by the application."

It is being claimed that,

> …the alleged birth date discrepancy did not confer any immigration advantage or alter the legal analysis of her entry.

> Physical entry without inspection does not constitute the procurement of an immigration benefit.

> The misrepresentation made by you was not "to obtain an immigration benefit and was not material or willful." Accordingly, your attorney states that at the time of your apprehension, you provided your true name and date of birth.

> …misrepresentation is only material if the individual obtained a benefit he was not otherwise eligible for.

In support of the above rebuttal, you provided a statement, in which you account the following:

> At the time of my apprehension, I did not possess or present any false documents. The only identity documents I had were issued in my home country and reflected my correct name and date of birth.

> During my interaction with immigration officials, I was asked to orally state my name and biographical information. I stated my name as Maribel Noemi Beza Tobar and my date of birth as October 12, 1977.

> I recall being asked to sign a document during the process. The document was in English, which I do not read or understand. Spanish is my native language. I did not understand what information was written on it at the time I signed it.

Your attorney concludes,

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

Because the record does not establish willful or material misrepresentation to procure an immigration benefit, Ms. Beza Tobar is not inadmissible under INA Section 212(a)(6)(C)(i).

However, in 1973, the Board of Immigration Appeals (BIA) held in *Matter of Khan* (14 I&N Dec 397) that USCIS is not required to approve applications or petitions where eligibility has not been demonstrated, merely because of prior approvals which may have been erroneous.

Note that in Matter of D-R-, 27 I.&N. Dec. 105. 112 and 113 (BIA 2017), the Court found that the "most common formulation of that understanding [of materiality] is that a concealment or misrepresentation is material if it 'has a natural tendency to influence, or was capable of influencing, the decision of' the decision making body to which it was addressed." See the Supreme Court decision, Kungys v. United States, 485 U.S. 759 (1988).

The USCIS Policy Manual states:

> If the alien was unsuccessful in obtaining the immigration benefit, he or she may still be inadmissible for "seeking to procure" the benefit by fraud. In this case, the officer only needs to establish that the alien intended to deceive a U.S. government official for the purpose of obtaining an immigration benefit to which the alien was not entitled.

The principal elements of a misrepresentation that renders an alien inadmissible under section 212(a)(6)(C)(i) of the INA are willfulness and materiality. In Matter of *S- and B-C*, 9 I&N Dec 435 (BIA 1960 AG 1961), the Attorney General established the following test to determine whether a misrepresentation is material:

> A misrepresentation... is material if either (1) the alien is excludable on the true facts, or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded. Id. at 447.

In your sworn affidavit, you admit to illegally entering the United States in August of 1999, however you deny falsifying your identity information when you were apprehended and placed in removal proceedings. In support of your true identity, you submitted your El Salvador birth certificate and previously approved Employment Authorization Documents (EADs) issued under the (a)(12) classification for individuals with approved TPS.

Establishing your true identity and nationality is required under TPS statute and regulations. USCIS acknowledges you have been able to establish your identity and El Salvadoran nationality after being confronted with the discrepancies in the record. However, your failure to disclose your use of a false identity prior to USCIS uncovering the information through fingerprint and photo data is considered material to your eligibility for TPS and was material to your eligibility at the time you submitted your initial TPS application and all subsequent re-registrations.

USCIS has determined that your deception at the time of your apprehension was not harmless as the falsified information you provided was material to the decisions made by the immigration officials who assigned you an alien registration number under an incorrect identity. The falsification of your identity on this encounter caused the decision making body, immigration officials, to be obstructed in maintaining valid records, carrying out notices to you in relation to your removal proceedings, enforcing your final order of deportation, and pursuing lines of inquiry during your initial grant of TPS.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

At the time your TPS was approved, USCIS systems checks did not then include encounter results based on fingerprint data and the alternate identity from A077534275 was not disclosed by you.

Where the opportunity for adequate investigation has been lessened because of the alien's misconduct in making a deliberate misrepresentation, either because of the passage of time or for other reasons, the alien's evidence of his eligibility may be unpersuasive, for the same reasons that have led courts to strike or to place little or no weight on evidence with respect to which the opposing party, through no fault of his own, was denied adequate opportunity for cross-examination. See *Matter of S- and B-C*, 9 I&N Dec 435 (BIA 1960 AG 1961)

As such, USCIS finds your rebuttal unpersuasive in that it cannot be sufficiently determined you would not have been successfully deported had you given your true identity information when you were apprehended on August 15, 1999. Had these circumstances occurred, any subsequent illegal entry may have resulted in a reinstatement of removal order tied to your true identity, thereby barring most forms of relief, including TPS.

It is more likely than not your misrepresentation was not harmless as an alternate identity can hide your connection to information that can negatively impact your chances of humanitarian relief through such programs as TPS. Such behavior further infringes on your credibility and the veracity of the documentation you submit and have previously submitted to obtain any immigration benefit.

Despite awareness of country conditions and foreign policies that were then in place between the United States and El Salvador in 1999, it is unknown whether full knowledge of the results of your encounter would have differed had you provided your genuine identity. Claiming you would have been eligible for TPS if your alternate identity was known at the time of initial adjudication is not sufficient to overcome the materiality of your actions, as you may also have been deported had your real identity been used, an action which carries long lasting immigration consequences.

The Form I-821 specifically requests that you list other names, nationalities, A-numbers, and removal proceedings that relate to you. USCIS notes that you signed each of your TPS applications, certifying under penalty of perjury, that you provided or authorized all of the information in your applications and that the information was complete, true, and correct. However, you failed to reveal information that is material to your TPS eligibility.

Had you indicated on your initial application that you previously presented yourself to an immigration official under an alternate identity, it is more likely than not your case and the evidence you submitted for TPS eligibility would have been held to a higher scrutiny than absent that information. The alien has the burden of establishing the true facts and bears the risk that uncertainties resulting from his or her own obstruction of the inquiry may be resolved against him.

USCIS determined you are inadmissible under section 212(a)(6)(C)(i) of the INA. Because you were not granted a waiver for this inadmissibility, you are not eligible for TPS. You did not file the requested Form I-601, for USCIS to determine whether or not you qualify for this waiver.

As a result, you have failed to establish that you remain eligible to maintain your TPS. Your TPS is withdrawn as of as of the date of this letter and your application for re-registration is denied, if applicable.

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may file a motion or appeal of this decision by completing a Form I-290B, Notice of Appeal or Motion. You may also include a brief or other written statement in support of your appeal. The appeal or motion must be filed within 33 days from the date of this notice. If an appeal or a motion is not filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

USCIS 290B
PO Box 21100
Phoenix AZ 85036

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

Sincerely,

Carrie M. Selby
Acting Associate Director, Service Center Operations

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.